IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 12-50-M-DLC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| CURTIS KEITH TICHENOR, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Curtis Tichenor has moved to sever Counts I and II and Counts IV and V from each other and from Count III of the indictment in this case. (Doc. 15.) Defendant's motion will be granted. However, the Court will sever the Counts in the Indictment into two trials rather than three trials as Defendant requests. Counts I, II, and III will be severed from Counts IV and V and two separate trials will be set in this case.

Defendant was indicted on five counts on December 12, 2012, with the following crimes: robbery affecting commerce (Count I); possessing and

brandishing a firearm during the robbery (Count II); felon in possession of a firearm (Count III); possession with intent to distribute methamphetamine (Count IV); and possession of a firearm in furtherance of a drug trafficking crime (Count V). Defendant contends the counts in the indictment were improperly joined under Federal Rule of Criminal Procedure 8(a) and Counts I and II must be severed from Counts IV and V and Count III must be severed from all other Counts.

"Two offenses may be joined in the indictment under Rule 8(a) 'only if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.' " *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990) citing *United States v. Smith*, 795 F.2d 841, 850 (9th Cir. 1986). A transaction may include a series of related events and is interpreted flexibly. *Id.* Counts arise from related transactions when the commission of one offense leads to or depends upon another or when proof of one crime necessarily depends upon proof of another. *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2007).

"Because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the

indictment." *Terry*, 911 F.2d at 276. Although some Ninth Circuit opinions appear to look beyond the indictment in reviewing joinder under Rule 8, "the established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment." *Jawara*, 474 F.3d at 573.

The indictment in this case does not meet any of the criteria for joinder under Rule 8. Counts I-III are not of the same or similar character as Counts IV and V. Counts I-III relate to an alleged armed robbery and Defendant's possession of a firearm as a felon, whereas Counts IV and V charge Defendant with possession with intent to distribute methamphetamine while possessing a firearm. Even construing the allegations in the indictment flexibly, Counts I-III are not the same act or transaction as Counts IV and V. The alleged robbery does not logically lead to or depend upon the alleged methamphetamine transactions nor does proof of the robbery necessarily depend upon proof of the methamphetamine charges.

No common scheme or plan is evident from the allegations in the indictment. The events charged in Counts I and II occurred in Missoula while the events charged in Counts IV and V occurred in Helena. Count III allegedly occurred within Missoula, Helena, and other places within and outside the State of Montana. The alleged robbery occurred on July 14, 2012, while the alleged

methamphetamine possession occurred on July 23, 2012. The only common factor among the five counts is the Defendant's possession of the same firearm during each alleged crime. The government asserts this allegation is sufficient for joinder under Rule 8, but cites to no law supporting its assertion. This fact alone does not support a common scheme or plan making joinder proper under Rule 8. The other facts in support contained within the government's response brief are not reflected within the indictment, nor can they be inferred from its allegations, and thus cannot be considered in deciding this motion.

Analysis under Rule 14 of the Federal Rules of Criminal Procedure further supports Defendant's motion to sever. However, given the Court's ruling of misjoinder under Rule 8, Rule 14 need not be considered.

Although Count III could be joined with either Counts I and II or Counts IV and V because Counts II and V both involve possession of a firearm, the Court finds it most logically joins with Counts I and II. Count III need not be severed from all other Counts as Defendant requests. Unlike in *Terry*, the evidence necessary to prove Count III does overlap with the evidence required to prove Count II because Count II charges Defendant with brandishing a firearm during a crime of violence. 911 F.2d at 276. Felon in possession charges are properly tried with other offenses containing an element of firearm possession. *United States v.*

*VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995). Joinder of Count III with Counts I and II is proper and only Counts IV and V will be severed for a separate trial.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to correct misjoinder and/or sever (doc. 15) is GRANTED. A jury trial will be held on Counts I, II, and III on the currently scheduled trial date of April 30, 2013, in Missoula, Montana. A separate trial on Counts IV and V will be held on May 6, 2013, at 8:30 a.m. in Missoula, Montana. The plea agreement and jury instruction deadlines set for the first trial in the Court's order (doc. 26) also apply to the second trial in this matter.

DATED this 12th day of March, 2013.

Dana L. Christensen, District Judge
United States District Court